UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANCE WALZIER, | § | |
| TDCJ-CID NO. 709706, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-06-2361 |
| | § | |
| MCMULLEN, *et al*, | § | |
| | § | |
| Defendants. | § | |

ORDER

The Court enters the following ORDERS on motions now pending:

Motion for Protective Order Pending Resolution of Qualified Immunity Defense

In this § 1983 civil rights suit, plaintiff has sued defendant Lt. McMullen in his individual capacity.  In the answer, defendant pleads qualified immunity.  This Court has conducted an evaluation of plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement. *See Schultea v. Wood,*  47 F.3d 1427 (5th Cir. 1995); *Baker v. Putnal,*  75 F.3d 190, 195 (5th Cir. 1996).  Plaintiff alleges that defendant McMullen spread vicious rumors about plaintiff in retaliation for plaintiff filing grievances against him.  Plaintiff claims that as a result of these rumors, he became the target of verbal and physical abuse from other inmates and was assigned to administrative segregation following a confrontation with an inmate.  Plaintiff claims that while he was in administrative segregation, McMullen allowed guards to announce to other inmates that plaintiff was a snitch.  Consequently, plaintiff's food was contaminated and he was infected with a chronic and deadly disease.  Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

*Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). One of the purposes of the qualified immunity defense is "avoidance of disruptive discovery" unless and until the plaintiff puts forward "specific, nonconclusory factual allegations" which would overcome the defense. *Siegert v. Gilley,* 500 U.S. 226, 236 (1991) (Kennedy, J., concurring). In *Schultea,* the Fifth Circuit addressed the tension between a plaintiff's right to notice pleading under Rule 8(a) and a government official's right to invoke the protection of the qualified immunity defense against the burden and expense of discovery. The court of appeals held that a district court may require a civil rights plaintiff to reply to an assertion of qualified immunity pursuant to Rule 7(a). *Schultea,* 47 F.3d at 1433-1434. The court of appeals further found that "v]indicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Id.* at 1434. The court held that discovery may be banned at this stage, or limited to the issue of qualified immunity. *Id.*

The *Schultea* rule "is an instantiation of the more general principle that 'heightened pleading' is needed in qualified immunity cases." *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir. 1999). "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injuries." *Reyes* 168 F.3d at 161. Accordingly, when an officer or other official sued in his or her personal capacity asserts a qualified immunity defense in a civil rights action, the plaintiff must support his or her claim "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Schultea,* 47 F.3d at 1434.

Accordingly, the Court ORDERS that within thirty (30) days of the date of this order, the plaintiff shall file a reply to the qualified immunity defense pled by defendant McMullen. The reply must allege with specificity the constitutional rights that were violated, the facts that

support these allegations, the persons involved in these alleged violations, and the reasons that the asserted defense of qualified immunity is inapplicable.   It is further ORDERED that defendant shall not file a response to plaintiff's reply; any response filed will be disregarded. The purpose of this Order is to determine whether discovery should be banned or limited pending the filing by defendants of a motion to dismiss under Rule 12(b), or, alternatively, a motion for summary judgment.   This process does not absolve defendant from filing a timely motion to dismiss or motion for summary judgment on the qualified immunity issue.   Defendant's motion for a protective order staying discovery pending the Court's resolution of the defense of qualified immunity (Docket Entry No.35) is GRANTED.

<u>Motion for Reconsideration of Opinion on Partial Dismissal</u>

In the pending motion (Docket Entry No.38) and in his "Objection to Opinion for Partial Dismissal with Legal Opposition to the Court's Ruling" (Docket Entry No.42), plaintiff requests the Court to reconsider its Opinion on Partial Dismissal, wherein the Court dismissed claims against specific defendants because they were legally frivolous.   Plaintiff claims that the Court based its dismissal of these specific claims on insufficient facts.   He contends that the Court misconstrued the issues in his original complaint and he was not afforded the opportunity to amend the complaint or to oppose the determination of frivolousness.   (*Id.*).

Plaintiff has been given an opportunity to expound on the factual allegations in his original complaint in two responses to an Order for a More Definite Statement (Docket Entries No.10, No.12) and the admission of witness statements (Docket Entry No.13).   *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (reaffirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) (same).   The Court did not dismiss plaintiff's claims because he did not allege enough

facts, but because the facts alleged did not support a finding that plaintiff's constitutional rights had been violated by the state actors named as defendants in this case.

The Court is not persuaded by plaintiff's conclusory allegations that these state actors manipulated lab results, that the chronic diseases, to which he has been exposed, have not yet manifested, or that his grievances were denied because he is a writ writer.  Accordingly, the Court DENIES plaintiff's Motion for Reconsideration.  (Docket Entry No.38).

### Motion to Compel TDCJ to Provide Plaintiff with Adequate Access to Law Library

Plaintiff complains that because he is in administrative segregation, he is only able to access three legal books by a "bookmobile" system, three times a week.  Plaintiff complains that he cannot access government codes, dictionaries, or other books of statutes.  (Docket Entry No.39). He seeks an order compelling TDCJ officials to give him access to the law library.  (*Id.*).

Restrictions on direct access to legal materials may be warranted when prison security is involved.  *Eason v. Thaler* , 73 F.3d 1322, 1329 (5th Cir. 1996); *Morrow v. Harwell* , 768 F.2d 619, 622 (5th Cir. 1985).  However, arbitrary limitations and restrictions on access to legal materials without the assistance of persons trained in the law, and without the ability of inmates in administrative segregation to examine legal digests, hornbooks, and other legal materials firsthand is unconstitutional.  *Eason*, 14 F.3d at 9-10 (holding that allegations of total denial of all access to the prison law library for twenty-five days following a prison riot stated a constitutional violation where plaintiff was pursing a legal action); *Pembroke v. Wood County, Texas*, 981 F.2d 229 (holding total denial of all access to law library for seven months violates access to courts).

In this case, plaintiff's pleadings show that he has not been denied total access to legal materials or that he has suffered actual harm as a result of his restricted access to legal materials,

particularly the lack of access to government codes, statutes, and dictionaries.  Accordingly, his Motion to Compel TDCJ to Provide Plaintiff with Adequate Access to the Law Library (Docket Entry No.39) is DENIED.

<u>Motions Requesting Examination of Evidence and Related Motions</u>

The Court DENIES plaintiff's motions for the Court to examine the food prepared and served to him at TDCJ.  (Docket Entries No.40, No.46).  Likewise, the Court DENIES plaintiff's Motion for a Protective Order (Docket Entry No.41) and his Motion Requesting Sanctions (Docket Entry No.44), whereby he complains that TDCJ officials examined his legal mail for "squishy" substances, such as the food product that plaintiff intended to submit to this Court as evidence in this case.  Plaintiff is ORDERED not to submit any physical evidence to this Court unless the Court orders him to do so.  Plaintiff's Motion to Supplement Complaint with allegations against new defendants who set and implement mail room policy with respect to the inspection of legal mail in this case (Docket Entry No.45) is DENIED.  The Court further ORDERS that plaintiff REFRAIN from filing any additional pleadings or submitting any evidence to this Court in this case WITHOUT EXPRESS AUTHORIZATION from the Court.  Such pleadings will be stricken, if filed without authorization.

The Clerk shall provide a copy of this Order to the parties.

SIGNED at Houston, Texas this 16th day of April, 2007.

Melinda Harmon
United States District Judge